UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 12-60370-CIV-COHN/Seltzer

SERGE FELDMAN,

    Plaintiff,

vs.

GOLAN M FELDMAN, JENNIFER FELDMAN,
F.A.B. FLORIDA REALTY, LLC, JUAN F. NAVIA,
THE FELDMAN GROUP, LLC, F.A.B. FLORIDA
CONSTRUCTION, LLC, FAB FLORIDA, LLC,
F&F REAL ESTATE, LLC, and FELDMAN
REAL ESTATE, LLC,

    Defendants.
_____/

**ORDER DENYING MOTION TO DISMISS**
**ORDER GRANTING MOTION FOR LEAVE TO AMEND**
**ORDER DIRECTING EXPEDITED RESPONSE TO MOTION FOR TRO AND PI**

**THIS CAUSE** is before the Court upon Defendants' Motion to Dismiss for failure to state a claim and Motion to Strike Prayers for Attorney Fees [DE 42], Defendant Jennifer Feldman's Motion for Extension of Time [DE 55], Plaintiff's Motion for Extension of Time to Respond to Motion to Dismiss [DE 53], Plaintiff's Motion for Leave to Amend [DE 53], Defendants' Response [DE 61], Plaintiff's Reply [DE 63], and Plaintiff's Motion for Temporary Restraining Order, Preliminary Injunction, and Expedited Discovery [DE 64]. The Court has carefully considered the filings in this action and is otherwise fully advised in the premises.

**I. BACKGROUND**

Plaintiff Serge Feldman ("Plaintiff") filed this action for breach of contract, breach of fiduciary duty, breach of implied contract, conversion, accounting, and other theories related to Plaintiff's lending of over $1.6 million to his nephew, Defendant Golan

Feldman, for use in setting up Golan Feldman's businesses in Broward County, Florida. The parties ended up in a dispute regarding return payments to Plaintiff. Plaintiff has sued the individuals and corporate entities involved in owning properties that allegedly resulted from the lending of funds from Plaintiff to Golan Feldman.

Defendants (all except Jennifer Feldman) moved to dismiss the Complaint for failure to state a claim.[1] After seeking an extension of time, Plaintiff moved for leave to file an Amended Complaint. Defendants opposed the motion. On Friday evening, April 27, 2012, Plaintiff moved for a temporary restraining order and preliminary injunction to prevent Defendants from dissipating the real property at issue in this case.

## II. DISCUSSION

### A. Motion to Amend

Rule 15(a)(2) of the Federal Rules of Civil Procedures provides that a party may amend the party's pleading "with the opposing party's written consent or the court's leave" and that "[t]he court should freely give leave when justice so requires."[2] In construing Rule 15(a), the Supreme Court has held that

> In the absence of any apparent or declared reason–such as undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of amendment, etc.–the leave sought should, as the rules require, be "freely given."

Foman v. Davis, 371 U.S. 178, 182 (1962). The present motion was filed long before

---

[1] Defendant Jennifer Feldman is proceeding pro se.

[2] Plaintiff could have filed an Amended Complaint as a matter of course by April 19, 2012, pursuant to Fed. R. Civ. P. 15(a)(1)(B), twenty-one days after the filing of Defendants' Motion to Dismiss. Plaintiff's Motion to Amend was filed on April 23, 2012.

2

the Court's deadline of June 22, 2012.

Defendants oppose the present motion to amend on the grounds that it is futile. Defendants make various legal arguments regarding the statute of frauds as Plaintiff is basing some claims on an oral contract. In his reply, Plaintiff points out that many of the claims in the Amended Complaint do not rely upon the oral contract, and, that statute of frauds issues are inherently fact-specific, and should not be decided upon consideration of a motion to amend. This Court agrees. Under the liberal standard for allowing a pleading amendment, Defendants have not shown that the proposed Amended Complaint is futile. Defendants may renew raise their legal arguments in the form of a motion to dismiss.

### B.  Motion for Temporary Restraining Order

Plaintiff contends that Defendants are making "'no profit' sham sales" to corporate entities under Golan Feldman's control. Plaintiff seeks to stop further transfers of assets of real property paid for with the Plaintiff's money until there has been a trial on the merits. Plaintiff notes that Florida law contemplates the issuance of preliminary relief for claims seeking to void transfers of property.

Upon a review of the motion, it is not entirely clear that Plaintiff is seeking entry of an ex-parte temporary restraining order under Fed. R. Civ. P. 65(b). If so, the Court concludes that Plaintiff has not met his burden to show what efforts were made to give notice and the reasons why notice should not be required. However, the Court will expedite briefing on the motion.

### III.  CONCLUSION

Accordingly, it is **ORDERED and ADJUDGED** as follows:

1. Defendants' Motion to Dismiss for Failure to State a Claim and Motion to Strike

Prayers for Attorney Fees [DE 42] is hereby **DENIED** as moot, given the filing of an Amended Complaint;

2. Defendant Jennifer Feldman's Motion for Extension of Time [DE 55] is hereby **GRANTED**. Her response to the Amended Complaint shall be due by May 18, 2012.

3. Plaintiff's Motion for Extension of Time to Respond to Motion to Dismiss [DE 53] is hereby **DENIED as moot**, as Plaintiff filed a proposed Amended Complaint on the April 23, 2012 extended response date;

4. Plaintiff's Motion for Leave to Amend [DE 53] is hereby **GRANTED**;

5. Plaintiff shall file the proposed Amended Complaint as a separate docket entry in CM/ECF by May 2, 2012.

6. Defendants shall file an expedited response to Plaintiff's Motion for Temporary Restraining Order, Preliminary Injunction, and Expedited Discovery [DE 64] by May 8, 2012.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 30th day of April, 2012.

*/s/ James I. Cohn*
JAMES I. COHN
United States District Judge

copies to:

counsel of record on CM/ECF

Jennifer Feldman, pro se (via Cm/ECF regular mail)

4